PETERS, J.,
dissenting.
| jl respectfully disagree with the majority’s affirmation of the defendant’s conviction. Specifically, I believe the trial court erred in not granting a mistrial when the state was unable to produce the audio tapes upon which the various transcribed statements were based. Both the majority and the trial court concluded that the defendant was not deprived of his right to cross-examine the state’s witnesses because he had access to the transcribed statements. However, despite ultimately reaching this conclusion, the trial court recognized the major flaw in this approach when it noted that each transcript was nothing more than “a transcription of a recording that’s not certified. It’s not like a court reporter’s[sic] doing it.”
When questioned concerning the content of the various transcripts, the witnesses denied the accuracy of the prior statements. Thus, the defendant was left with nothing more than prior statements transcribed by law enforcement personnel *900 whom the trial court had described as “incompetent.” In fact, the state argued in closing that the entire investigation had been “handled horribly” by the Cheney-ville Police Department. Without the audio tapes, the defendant could only hope the jury concluded that the law enforcement personnel were competent in transcribing the audio tapes while at the same time concluding that they were incompetent in most other respects. In my opinion, the defendant was denied a viable cross-examination and I would find merit in his first assignment of error.